UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| CHAMBERS OF | MARTIN LUTHER KING COURTHOUSE |
| ESTHER SALAS | 50 WALNUT ST. |
| UNITED STATES DISTRICT JUDGE | ROOM 5076 |
| | NEWARK, NJ 07101 |
| | 973-297-4887 |

August 30, 2012

**LETTER ORDER**

    Re:   *Super 8 Worldwide, Inc. v. Sandy Crossing Enterprises, Inc. et al.*
            Civil Action No. 11-5069 (ES)

Dear Counsel:

    Plaintiff Super 8 Worldwide, Inc. ("Super 8") filed its Complaint (D.E. 1) on September 1, 2011. A Summons was issued as to Sandy Crossing Enterprises, Inc. ("Sandy Crossing") and Lippa Grewal (collectively, "Defendants") on September 7, 2011. (D.E. 3). Service was effectuated on November 8, 2011, and entered onto the docket on December 6, 2011. (D.E. 5). Also on December 6, 2011, Super 8 filed an application with the Clerk of Court requesting that Defendants be held in default pursuant to Fed. R. Civ. P. 55(b)(2) for "fail[ing] to plead or otherwise defend this action." (D.E. 7-1). On December 8, 2011, the Clerk entered default. On February 10, 2012, Plaintiff submitted a motion for default judgment (D.E. 7). On March 14, 2012, Counsel for Defendants appeared. (D.E. 9). Finally, on March 19, 2012, Defendants filed an opposition to Plaintiff's motion for default judgment along with a cross motion to vacate default, noting that "Defendants are prepared to file an Answer immediately upon the Court's granting of the motion to vacate." (D.E. 11). For the reasons set forth below, the Court GRANTS Defendants' motion to vacate the Clerk's entry of default, and DENIES Plaintiff's motion for default judgment as moot.

    Federal Rule of Civil Procedure 55(c) provides, in relevant part, "[t]he court may set aside an entry of default for good cause . . . ." In determining whether to set aside the entry of default, the Court considers "(1) whether setting aside the default would prejudice the plaintiff;" "(2) whether defendant has asserted a meritorious defense;" and (3) "defendant's culpability." *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982); *Gulf Oil Ltd. P'ship v. Pioneer Enter, Inc.*, No. 11-1610, 2011 U.S. Dist. LEXIS 129837, at *4 (D.N.J. Nov. 9, 2011) (same). "Any doubt should be resolved in favor of setting aside the [entry of default] so that cases may be decided on their merits." *Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 656 (3d Cir. 1982).

    As to (1), the Court finds that setting aside the default would not prejudice Plaintiff because "[d]elay in realizing satisfaction on a claim rarely serves to establish the degree of

- 2 -

prejudice sufficient to prevent the opening [of] a default judgment entered at an early stage of the proceeding." *Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 656-57 (3d Cir. 1982). The Court does not find any of the examples mentioned in *Feliciano*—"loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment"—is applicable here. (*See* D.E. 13, Plaintiff's Reply Letter).

As to (2), the Court finds that Defendants have asserted meritorious defenses worthy of having the case proceed on the merits. (*See* Def. Cross Motion Br. at 1-2, 3-4; Manmohan Grewal Aff. ¶¶ 5-17).

As to (3), Defendants, have established good cause for failing to act in a timely fashion after service on November 8, 2011, (D.E. 5; *see* Lippa Grewal Aff. ¶¶ 2-7), and following the motion for default judgment. (*See* Manmohan Grewal Supp. Aff.). Finally, this Court has an interest in its cases being decided on the merits. *Feliciano*, 691 F.2d at 656.

Defendants shall file responsive pleadings within 15 days from the entry of this Order. In the interim, the Clerk of Court shall terminate Docket Entry Nos. 7 and 11.

**SO ORDERED**

*s/Esther Salas*
**Esther Salas, U.S.D.J.**